# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CURTIS SAYLOR, ) <br> on behalf of himself and all other ) <br> similarly situated employees, ) <br> ) <br>     Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> MEP NATIONWIDE, LLC, ) <br> ) <br>     Defendant. | No: _____ <br> FLSA Collective Action Complaint |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Curtis Saylor, brings this action against the Defendant on behalf of himself and all others similarly situated.

## PARTIES, JURISDICTION, AND VENUE

1. This is a collective action brought by Plaintiff on behalf of himself and all other similarly situated and/or former employees of Defendant to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiff also brings an action for breach of contract, which claim is so related to the claims made under the Fair Labor Standards Act that it forms part of the same case and

controversy, and this court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

4. Plaintiff, Curtis Saylor, is an adult, resident citizen of Millington, Shelby County, Tennessee.

5. Upon information and belief, Plaintiff alleges that Defendant, MEP Nationwide, LLC, is a limited liability company conducting business in Tennessee with its principal place of business at 400 N. Tampa St., 15th Floor, Tampa Florida, 33602, and may be served with process through its designated registered agent Northwest Registered Agent, LLC, 7901 4th Street N., Suite 300, St. Petersburg, Florida, 33702.

6. Venue lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because upon information and belief, the Defendant does business in this district, entered into an employment agreement with a resident of this district, and a substantial part of the alleged errors or omissions giving rise to this action occurred in this district.

7. Plaintiff, Curtis Saylor, is a former employee of Defendant, MEP Nationwide, LLC, and was employed by MEP Nationwide, LLC from August 2018 through December 2018.

8. Defendant is a covered "employer" under the FLSA.

**FACTUAL BASIS FOR SUIT**

9. Plaintiff, Curtis Saylor, was hired by Defendant as a plumber in or around August, 2018.

10. At all times pertinent to this matter, Plaintiff, Curtis Saylor, was an employee of Defendant, MEP Nationwide, LLC.

11. As part of the employment agreement between Plaintiff, Curtis Saylor, and Defendant, MEP Nationwide, LLC, Plaintiff was to perform services as a plumber for Defendant, and in exchange for these services was to be paid twenty-five dollars ($25.00) per hour for all hours worked.

12. In addition, Plaintiff and Defendant agreed that when Plaintiff was to travel outside of his home state of Tennessee to perform his job duties on behalf of Defendant, Plaintiff was to be paid an additional eighty dollars ($80.00) per day as a "per-diem."

13. The terms of this agreement were memorialized in an email dated October 8, 2018, which is attached hereto as Exhibit "A."

14. Upon information and belief, Plaintiff was classified as a "full-time employee" by Defendant, and was to work approximately forty (40) hours per week.

15. During the period when Plaintiff was employed by Defendant, he was suffered or permitted to regularly work in excess of forty (40) hours per week.

16. In November and December 2018, Plaintiff was made to work for Defendant at least forty (40) hours per week, and was not paid for all of his hourly work and was not paid the agreed-upon per diem.

17. In the month of December 2018, Plaintiff was made to work for Defendant at least forty (40) hours per week and was not paid for any of his hourly work, and was therefore not paid at least the federal minimum wage of $7.25 per hour, in violation of 29 U.S.C. § 206(a) or required overtime pursuant to 29 U.S.C. § 207(a)(2).

## **FAIR LABOR STANDARDS ACT**

18. The foregoing paragraphs 1 through 17 are incorporated by reference as if fully stated herein.

19. Under 29 U.S.C. § 206(a), employers engaged in enterprises of commerce are required to pay each employee no less than $7.25 per hour, as of July 24, 2009.

20. Pursuant to 29 U.S.C. § 207(a)(2), employers of enterprises engaged in commerce are required to pay non-exempt, covered employees who work in excess of forty (40) hours per week a rate of one and one-half times their regular pay rates for all time worked in excess of forty (40) hours per week.

21. Defendant is subject to the rules and regulations contained in the FLSA pursuant to 29 U.S.C. § 203(r)(2)(A). Under 29 U.S.C. § 211(c), every subject employer is required to make, keep, and preserve records of each employee's wages, hours, and conditions and practices of employment.

22. The Department of Labor has confirmed that plumbers do not fall under the professional exemption to minimum wage and overtime rules under the FLSA. See 29 CFR §541.3.

23. Pursuant to 29 C.F.R. § 516.2(a)(7) and (8), every employer is required to maintain payroll records of each employee's total daily and weekly work hours, as well as "total daily or weekly earnings or wages due for hours worked during the workday or workweek."

24. Upon information and belief, Plaintiff worked at least forty (40) hours per week for Defendant in November and December 2018.

25. In the month of December, 2018, Plaintiff was made to work for Defendant at least forty (40) hours per week but was not paid for any of his hourly work, and was therefore not paid at least the federal minimum wage of $7.25 per hour, in violation of 29 U.S.C. § 206(a).

26. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

27. Upon information and belief, when Plaintiff and other similarly situated employees worked more than forty (40) hours during a week, Defendant did not compensate these employees at a rate of "one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

28. The actual job duties of Plaintiff and similarly situated employees were not those of "exempt" employees.

29. Defendant is unable to bear its burden of showing that Plaintiff or other similarly situated employees fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. § 541.300, 541.301, 541.302, 541.303, or 541.304.

30. This action is maintainable as an opt – in collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage, overtime compensation, liquidated damages, interest, attorney fees, and costs under FLSA. In addition to plaintiff, numerous current and former employees of defendants are similarly situated to plaintiff with regard to their wages and damages.

31. Defendant knowingly, willfully and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a). *See also* 29 C.F.R. § 541.

32. Defendant knowingly, willfully and intentionally failed to compensate Plaintiff the applicable minimum overtime wage in violation of 29 U.S.C. § 206(a). *See also* 29 C.F.R. § 541.

33. Because of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover from Defendant his unpaid minimum wages and unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

34. Plaintiff brings the following claim against Defendant on behalf of himself and other similarly situated employees: Failure to pay minimum wages and overtime wages in violation of the Fair Labor Standards Act, as described above.

35. Plaintiff alleges that Defendant's violations of the Fair Labor Standards Act are the direct and proximate causes of Plaintiff's damages.

36. Plaintiff has consented to being a party plaintiff in this action in writing, attached as Exhibit "B."

## **BREACH OF CONTRACT**

37. The foregoing paragraphs 1 through 36 are incorporated by reference as if fully stated herein.

38. Plaintiff and Defendant entered into a contract based on their mutual understanding and assent whereby Plaintiff agreed to provide plumbing and related work for Defendant and Defendant agreed to compensate Plaintiff for all hours worked for Defendant in the amount of Twenty-Five Dollars ($25.00) per hour.

39. Plaintiff and Defendant further agreed that Plaintiff would be paid an amount of Eighty Dollars ($80.00) per day when the job requirements for Defendant necessitated him to travel from the State of Tennessee.

40. The terms of this agreement were memorialized in an email dated October 8, 2018, which is attached hereto as Exhibit "A."

41. Parties to a contract owe a duty of good faith and fair dealing to those with whom they contract.

42. At the time Plaintiff and Defendant entered into said contract, Plaintiff was a citizen of the State of Tennessee.

43. Defendant was under a duty to compensate Plaintiff for all hours worked, pursuant to their mutual agreement.

44. Pursuant to their contract, Plaintiff provided plumbing services for Defendant from November through December 2018, including work which took him out of the State of Tennessee, and for which he was to be compensated in the amount of twenty-five dollars ($25.00) per hour and eighty dollars ($80.00) per day for days spent out of town.

45. Defendant breached this duty by failing to compensate Plaintiff for all hours worked for pay periods from November 16, 2018 through December 20, 2018.

46. Plaintiff contacted Defendant on several occasions requesting payment of the compensation owed under their agreement.

47. Despite Plaintiff's demands for payment, Defendant has not compensated Plaintiff under the terms of their agreement.

48. Defendant refused to pay and has failed to pay Plaintiff for his work performed and is in breach of their agreement.

49. Plaintiff suffered damages as a result of the breach of contract by Defendant, including, but not limited to, monetary damages in the amount of wages and per diem Defendant was obligated to pay to Plaintiff for the work Plaintiff performed.

50. Plaintiff alleges that Defendant's breach of contract was the direct and proximate cause of Plaintiff's damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

51. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all similarly situated current and former non-exempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit.

52. A declaratory judgment that Defendant have violated the overtime and minimum wage provisions of the FLSA as to Plaintiff and similarly situated persons who opt into this action.

53. A declaratory judgment that Defendant's violations of the FLSA were willful.

54. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime and minimum wage compensation to be proven at trial.

55. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime and minimum wage compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b).

56. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorney fees and costs, pursuant to 29 U.S.C. § 216(b);

57. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," pursuant to 29 U.S.C. § 203(d);

58. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit;

59. A declaration that Defendant breached the contract for employment with Plaintiff;

60. An award of compensatory damages in the amount of all past compensation owed to Plaintiff for Defendant's breach of the employment contract between Plaintiff and Defendant;

61. Prejudgment and post judgment interest; and

62. An award of such other and further legal and equitable relief as may be appropriate.

        Respectfully submitted,
        /s/ Jason J. Yasinsky
        JASON J. YASINSKY (#29514)
        Nahon, Saharovich & Trotz, PLC
        488 S. Mendenhall
        Memphis, Tennessee 38117
        Telephone: 901-683-7000
        Email:  jyasinsky@nstlaw.com

        *ATTORNEY FOR PLAINTIFF AND THOSE SIMILARLY SITUATED*